IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

JANE DOE,

     Plaintiff,

v.

AMERICAN INSTITUTE FOR
FOREIGN STUDY, INC.,

     Defendant.

_____/

### NOTICE OF REMOVAL OF ACTION
### UNDER 28 U.S.C. §§ 1441(b) AND 1332 (a) (DIVERSITY)

**PLEASE TAKE NOTICE** that Defendant, American Institute for Foreign Study, Inc.
("AIFS"), herewith removes to this court the state court action described below:

1.     Written notice of the filing of this Notice of Removal, this date, has been served on
Plaintiff's counsel.

2.     A copy of this Notice has, this date, been filed with the Clerk of the Circuit Court of
the Eleventh Judicial Circuit, Miami-Dade County, Florida.

3.     AIFS files with this Notice a copy of all process, pleadings and orders served and
filed in the aforementioned state action, copies of which are annexed as composite Exhibit "A."

4.     On May 27, 2010 an action was commenced by Plaintiff in the Circuit Court of the
11th Judicial Circuit in and for Miami-Dade County, Florida entitled *Jane Doe v. American Institute
for Foreign Study, Inc.*, Case No.: 10-30622 CA 24 (the "State Court Action.")

5.     AIFS was served with a copy of the Summons and Complaint in the State Court Action on June 8, 2010.  Thus, this removal notice was timely filed by AIFS within thirty (30) days of the Complaint's service on AIFS enabling AIFS to determine that the cause was removable pursuant to 28 U.S.C. § 1446.

6.     This action is a civil action of which this court has original jurisdiction under 28 U.S.C. 1332 (a)  and is one which may be removed to this Court by AIFS pursuant to the provisions as 28 U.S.C. 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs as Plaintiff has made a settlement demand upon AIFS well in excess of that amount.

7.     AIFS is informed and believes that Plaintiff was a citizen in the State of Florida. AIFS was at the time of the filing of this action and still is a citizen of Delaware and is the only Defendant that has been served with a Summons and Complaint in this action.

**WHEREFORE**, Defendant, AIFS, requests that this Court assume federal jurisdiction and approve this Notice of Removal.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 6th day of July, 2010, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  We also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record **via transmission of Notices of Electronic Filing generated by CM/ECF and/or United States Mail**

**(for those parties not on the CM/ECF system)** to David Sampedro, Esquire, Panter, Panter &

Sampedro, P.A., 6950 North Kendall Drive, Miami, Florida 33156.


/s/ Mitchel Chusid
MITCHEL CHUSID
Florida Bar No. 879282
mchusid@ritterchusid.com
SHAWN R. HORWICK
Florida Bar No. 047317
shorwick@ritterchusid.com
Attorneys for American Institute for Foreign Study,
 Inc.
Heron Bay Corporate Center
5850 Coral Ridge Drive, Suite 201
Coral Springs, Florida 33076
Telephone:     (954) 340-2200
Facsimile:     (954) 340-2210

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

JANE DOE,

GENERAL JURISDICTION DIVISION

      Plaintiff,

CASE NO.:

vs.

10 - 306 22 CA24

AMERICAN INSTITUTE FOR
FOREIGN STUDY, INC.,

      Defendant.

_____ /

STATE OF FLORIDA:
To Each Sheriff of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action of defendant:

AMERICAN INSTITUTE FOR FOREIGN STUDY, INC.
**By Serving its Registered Agent C/O Retained Counsel:**
Shawn Horwick, Esq.
Ritter Chusid Bivona & Cohen, LLP
5850 Coral Ridge Drive, Suite 201
Coral Springs, FL 33076

      Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit:

DAVID SAMPEDRO, ESQ.
**PANTER, PANTER & SAMPEDRO, P.A.**
6950 North Kendall Drive
Miami, Florida 33156

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON _____, 2010.

MAY 2 7 2010

HARVEY RUVIN,
Clerk of the said Court

by: DANITA DANIEL
      as Deputy Clerk
      (Court Seal)


EXHIBIT
Composite
"A"

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JANE DOE,

CASE NO.: 10 - 3 0 6 2 2 CA24

     Plaintiff,

vs.



AMERICAN INSTITUTE FOR
FOREIGN STUDY, INC.,

     Defendant.

_____/

## COMPLAINT

The Plaintiff, JANE DOE, by and through undersigned counsel, hereby sues the

Defendant, AMERICAN INSTITUTE FOR FOREIGN STUDY, INC., and allege as follows:

1.     This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars,

exclusive of costs and interest, and, thus, within the jurisdictional limits of this Court.

2.     JANE DOE is over the age of eighteen and a resident of Miami-Dade County,

Florida.  Pursuant to Florida Statutes § 794.03, identifying facts and information of the JANE

DOE have been withheld.

3.     At all times material hereto the Defendant, AMERICAN INSTITUTE FOR

FOREIGN STUDY, INC., a Delaware corporation, (hereinafter "AIFS") was a Delaware

corporation.

4.     AIFS has subjected itself to the jurisdiction of the State of Florida by engaging in

substantial and not isolated activity within this state.

5.     AIFS formed the special relationship that gave rise to this action in Miami-Dade

Page 2

County, Florida.

6.     All conditions precedent to the filing of this claim occurred, been waived, or otherwise satisfied.

## Facts Common to All Counts

7.     AIFS owns, organizes, and/or operates a study abroad program, known as "AIFS Summer Advantage" or "Summer Advantage."

8.     AIFS Summer Advantage is designed for and marketed to high school students.

9.     AIFS markets its Summer Advantage program in the State of Florida.

10.    AIFS marketed its Summer Advantage program to children as young as 16 years of age.

11.    AIFS advertised its Summer Advantage program as being appropriate for children as young as 16 years of age.

12.    At all times material hereto, the Plaintiff, JANE DOE, was a minor child.

13.    At the time she left for Granada for the duration of her time under the care and supervision of AIFS, the Plaintiff was 16 years of age.

14.    AIFS made all program and living arrangements for their students including, but not limited to, the location of the residence, the person or family with whom the student lived, and which, if any, other student was assigned to live in the same residence.

15.    The Plaintiff applied and was accepted to participate in the June 2008 – August 2008 Summer Advantage program in Granada, Spain.

16.    On or about June 27, 2008, the Plaintiff arrived in Granada, Spain and began living with the host family to which AIFS assigned her.

17. Within her first week in Granada, the Plaintiff was accosted in a public park and sexually assaulted at knifepoint.

18. As a result of that assault, the Plaintiff was physically and emotionally injured.

19. The Plaintiff became depressed and aloof, suffered dangerous weight loss, and required treatment by both physical and mental health providers.

## COUNT I – NEGLIGENCE

20. The Plaintiff realleges and incorporates paragraphs 1 through 19 by reference.

21. AIFS, by way of its agreement with the Plaintiff and its acceptance of the authority to decide where and with whom the Plaintiff would reside while in Granada, created a special relationship, which gave rise to multiple duties owed to the Plaintiff.

22. AIFS owed the Plaintiff the following duties:

    a) The duty to use reasonable care in the selection and/or hiring of host families;

    b) The duty to supervise the Plaintiff;

    c) The duty to supervise the host family;

    d) The duty to use reasonable care in retaining host families once selected;

    e) The duty to train the minor high school students, including the Plaintiff, regarding: danger recognition and avoidance in foreign cities, safe travel in foreign cities, and how to summon the assistance of local law enforcement in foreign cities;

    f) The duty to train the host family; and

    g) The duty to warn of dangers that AIFS knew, or that in the exercise of reasonable care would have known.

23.    AIFS breached the duties owed to the Plaintiff by:

    a)  Failing to use reasonable care in the selection and/or hiring of the host family to which AIFS assigned the Plaintiff;

    b)  Failing to supervise the Plaintiff;

    c)  Failing to supervise the host family to which AIFS assigned the Plaintiff;

    d)  Failing to use reasonable care in retaining the host family to which AIFS assigned the Plaintiff;

    e)  Failing to train the Plaintiff;

    f)  Failing to train the host family to which AIFS assigned the Plaintiff; and

    g)  Failing to warn the Plaintiff of the dangers inherent to Granada, Spain.

24.    As a direct and proximate cause of AIFS'S breaches of the duties owed to the Plaintiff, the Plaintiff was accosted and sexually assaulted at knifepoint.

25.    As a direct and proximate result of AIFS'S negligence, the Plaintiff has suffered severe physical and mental injury, the resulting pain and suffering, mental anguish, loss of enjoyment of life, expense of hospitalization, and follow-up medical care and treatment.

WHEREFORE, the Plaintiff JANE DOE, demands judgment for damages against the Defendant, AMERICAN INSTITUTE FOR FOREIGN STUDY, INC., and further demands trial by jury on all issues so triable as matter of right.

## COUNT II – VICARIOUS LIABILITY

26.    The plaintiff realleges and incorporates paragraphs 1 through 25 by reference.

27.    At all times material hereto, the host family to which AIFS assigned the Plaintiff was an agent and/or employee of AIFS.

28.     At all times material hereto, the host family to which AIFS assigned the Plaintiff acted within the course and scope of its agency and/or employment by AIFS.

29.     AIFS is vicariously liable for the negligence of the host family to which AIFS assigned the Plaintiff.

30.     The host family to which AIFS assigned the Plaintiff owed the Plaintiff the following duties:

a)  The duty to supervise the Plaintiff;

b)  The duty to train the Plaintiff regarding: danger recognition and avoidance in foreign cities, safe travel in foreign cities, and how to summon the assistance of local law enforcement in foreign cities; and

c)  The duty to warn of dangers that the host family knew, or that in the exercise of reasonable care would have known.

31.     The host family to which AIFS assigned the Plaintiff breached the duties owed to the Plaintiff by:

a)  Failing to supervise the Plaintiff;

b)  Failing to train the Planitiff;

c)  Failing to warn the Plaintiff of the dangers inherent to Granada, Spain.

32.     As a direct and proximate cause of the breaches by host family to which AIFS assigned the Plaintiff, the Plaintiff was accosted and sexually assaulted at knifepoint.

33.     As a direct and proximate result of hot family's negligence, for which AIFS is liable, the Plaintiff has suffered severe physical and mental injury, the resulting pain and suffering, mental anguish, loss of enjoyment of life, expense of hospitalization, and follow-up

Page 6

medical care and treatment.

WHEREFORE, the Plaintiff, JANE DOE, hereby demands compensatory damages against the Defendant, AMERICAN INSTITUTE FOR FOREIGN STUDY, INC., and further demands trial by jury on all issues so triable as matter of right.

DATED this 27 day of May 2010.

**PANTER, PANTER & SAMPEDRO, P.A.**
*Attorneys for Plaintiff*
6950 N. Kendall Drive
Miami, FL 33156
Telephone:    (305) 662-6178
Facsimile:    (305) 662-9472

BY: _____
DAVID SAMPEDRO, ESQ.
Florida Bar No.: 058238

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JANE DOE,                                          CASE NO.:

     Plaintiff,                                  10  3 06 22 CA24

vs.

AMERICAN INSTITUTE FOR
FOREIGN STUDY, INC.,

     Defendant.

_____/

## <u>REQUEST FOR PRODUCTION</u>

The Plaintiff, JANE DOE, requests that the Defendant, AMERICAN INSTITUTE FOR

FOREIGN STUDY, INC., pursuant to Rule 1.350, of the Florida Rules of Civil Procedure,

produce the following items for inspection and/or copying within the applicable time limits:

1.    Any and all written contracts, documents, agreements, and/or waivers signed by the Plaintiff or any parent or guardian of the Plaintiff.

2.    The Plaintiff's application to participate in the Defendant's Summer Advantage program.

3.    Any and all documents evidencing transactions between the parties, including but not limited to invoices, checks, rebates, remittances, account ledgers, and correspondence.

4.    A copy of the "AIFS Summer Advantage Code of Responsibility" signed by any or all of the Planitiffs.

5.    Any and all correspondence between the Defendant and the host family and/or "señorita" the Plaintiff was assigned to by the Defendant.

6.    The application to participate in the Defendant's Summer Advantage submitted by the host family and/or "señorita" the Plaintiff was assigned to by the Defendant program.

7.     The resume and/or C.V. submitted to the Defendant by the host family and/or "señorita" the Plaintiff was assigned to by the Defendant program.

8.     Any and all written contracts, agreements, and/or waivers entered into by and between the Defendant and the host family and/or "señorita" the Plaintiff was assigned to by the Defendant.

9.     Any and all documents evidencing transactions between the Defendant and the host family and/or "señorita" the Plaintiff was assigned to by the Defendant, including but not limited to invoices, checks, rebates, remittances, account ledgers, and correspondence.

10.    Any and all documents evidencing the Defendant's policies and procedures for advertising to, soliciting, selecting, vetting, approving and/or hiring host families and/or "señoritas."

11.    Any and all itineraries, schedules, calendars of events, agendas for the subject Summer Advantage program, including but not limited to those specific to the Plaintiff.

12.    Any and all documents describing or providing details of any attraction, activity, or excursion, including any and all substitute attractions, activities, or excursions, planned for or made available to the participants of the subject Summer Advantage program.

13.    Any and all documents regarding the curriculum for the subject Summer Advantage program, including but not limited to syllabi, course lists, course descriptions, university guide books, class schedules, and examination schedules.

14.    Any and all documents provided by the Defendant to the Plaintiff or any parent or guardian of the Plaintiff regarding housing assignment.

15.    Any and all documents provided by the Defendant to the participants of the subject Summer Advantage program that evidence or relate to emergency contact information and/or health and medical services contact information.

16.    Any and all incident reports relating to the incident described in the Complaint.

17.    A correct and true copy of any and all statements taken of any of the Plaintiff or any parent or guardian of the Plaintiff in this action.

18.    Any and all photographs or video recordings which depict the location of incident described in the Complaint.

19.    Any and all photographs or video recordings which depict the Plaintiff.

Page 3

20.   A complete and accurate copy of any and all statements of any witnesses to this incident.

21.   True certified copies of all applicable insurance policies that provide coverage for the allegations in the complaint.

22.   A copy of the employment file of each of the Defendant's employees who had any communication with the Plaintiff between June 27, 2008 and August 1, 2008 and/or who were witness to the incident described in the Complaint.

23.   A copy of the employment file and/or personnel records for the "señorita" the Plaintiff was assigned to.

24.   A complete and accurate copy of any and all statements of all parties to this incident.

25.   Any and all documents warning of crime or of criminal activity.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

DATED this 27 day of May 2010.

PANTER, PANTER & SAMPEDRO P.A.
*Attorneys for Plaintiff*
Panter Building
6950 North Kendall Drive
Miami, Florida 33156
Phone: (305) 662-6178

By: _____
DAVID SAMPEDRO
Fla. Bar No. 058238

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JANE DOE,

      Plaintiff,

vs.

AMERICAN INSTITUTE FOR
FOREIGN STUDY, INC.,

      Defendant.

CASE NO.: 10 30622 CA24

_____/

ORIGINAL FILED
MAY 27 2010
CLERK

## INTERROGATORIES AND NOTICE
## OF SERVICE OF INTERROGATORIES

The Defendant, AMERICAN INSTITUTE FOR FOREIGN STUDY, is hereby requested

and required to answer, under oath and in writing, the attached interrogatories numbered (1)

through (22) propounded by the Plaintiff, within the time allowed by Rule 1.340, Fla. R. Civil

Procedure.

IT IS HEREBY CERTIFIED that a true and correct copy of this Notice of Service of
Interrogatories was filed with the Clerk of the above-captioned Court, pursuant to Rule 1.340(e),
Fla. R. of Civil Procedure; and that the original and one copy of these interrogatories were served
on the Defendants along with the Complaint and Summons.

DATED this 27 day of May, 2010.

PANTER, PANTER & SAMPEDRO P.A.
*Attorneys for Plaintiff*
Panter Building
6950 North Kendall Drive
Miami, Florida 33156
Phone: (305) 662-6178

By: _____
DAVID SAMPEDRO
Fla. Bar No. 058238

## INTERROGATORIES TO DEFENDANT

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

      1.     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

      2.     Describe any and all policies of insurance, including excess and umbrella policies, which you contend cover or may cover the Defendant for the allegations set forth in plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

      3.     Describe in detail how the incident described in the complaint happened, including all actions taken by the Defendant to prevent the incident.

4.      Describe in detail each act or omission on the part of any party to this lawsuit that the Defendant contends constituted negligence that was a contributing legal cause of the incident in question.

5.      State the facts upon which the Defendant relies for each affirmative defense in its answer.

6.      Do you contend any person or entity other than the Defendant is, or may be, liable in whole or part for the claims asserted against the Defendant in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7.     Was the Defendant charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea or answer, if any, did the Defendant enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; does the Defendant have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

8.     List the names and addresses of all persons who are believed or known by the Defendant, its agents, or its attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

9.     Has the Defendant heard or does it know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

10.     State the name and address of every person known to the Defendant, its agents, or its attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

11.     Does the Defendant intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

12.     Has the Defendant made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

13.     Please state whether you have in the last five (5) years been a party, either plaintiff or defendant, in a lawsuit substantially similar to the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

14.     Please state any other incidents involving participants in Defendant's program which occurred in a similar or substantially similar manner as the one described in the Complaint in the last five (5) years.

15.     Did the Defendant conduct an investigation of the incident that forms the basis of the lawsuit?

If so:

a)      Was it in the regular course of business and standard procedure for the Defendant to investigate any accident on the premises when somebody is injured?

b)      Please state the names and addresses of the person or persons who conducted any investigation of the occurrence in question.

16.     Describe what efforts the Defendant made to warn the Plaintiff, or others, of the risks and/or dangers of minor children traveling unaccompanied throughout the city of Granada, Spain.

17.     Did the Defendant take any photographs of the Plaintiff or of the area where the Plaintiff the incident described in the Complaint occurred?  If so, please identify the individual who took the photographs and who has possession of said photographs.

18.     Please describe in detail the process or method used to identify, approve, and/or select host families and/or "señoritas."

19.     Please describe in detail the policy or procedure used to assign a student to a particular host family and/or "señorita" or otherwise determine with whom the students will reside while participating you the Defendant's Summer Advantage program.

20.     Please describe in detail what steps, actions, or methods were taken or used to educate students and/or participants in the Defendant's Summer Advantage program on travelling alone.

21.     Please state whether service has been perfected correctly, and if not, state what deficiency existed in service of process.

22.     Please state whether the Defendant has been correctly named, and if not, what is the correct name of the Defendant?

## <u>NOTARY CERTIFICATE</u>

_____
                        AFFIANT

STATE OF FLORIDA  )
                              : SS.
COUNTY OF _____ )

       BEFORE ME, the undersigned authority, this day personally appeared _____, who being by me first duly sworn, deposes and says that _____ executed the foregoing Answers to Interrogatories, and that they are true and correct to the best of _____ knowledge and belief.

       WITNESS, my hand and Official Seal, at _____, _____ County, Florida, this _____ day of _____, 2010.

                                      My Commission Expires:

_____
NOTARY PUBLIC, State of Florida
at Large